UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| HENRI-ALLAIN BAHIAKINA, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. 15-cv-10115-ADB |
| UNITED STATES POSTAL SERVICE, | * | |
| Defendant. | * | |

MEMORANDUM AND ORDER

April 30, 2015

BURROUGHS, D.J.

## I. Introduction

This case arises from the loss of a package containing an Apple iPad, which Plaintiff Henri-Allain Bahiakina ("Mr. Bahiakina") attempted to ship from the United States to the Netherlands in 2012 via insured United States mail, but which never arrived at its destination. Before the Court is the United States Postal Service's ("Postal Service") motion to dismiss Mr. Bahiakina's pro se complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction. For the reasons explained in this Memorandum and Order, the Postal Service's motion to dismiss is GRANTED, and Mr. Bahiakina's complaint is DISMISSED.

## II. Procedural and Factual Background

On June 20, 2014, Mr. Bahiakina filed an action against the Postal Service in the Small Claims Session of the District Court in Brockton, Massachusetts (Dkt. No. 1415SC001598) (the "Small Claims Action"), alleging that the Postal Service lost a package. Specifically, Mr. Bahiakina's Statement of Small Claim alleged as follows:

> On 6/22/2012, an Apple iPad 3 was shipped to the Netherlands, and attempted delivery was made. After several phone conversations with the International Postal Service in the U.S., I was assured the item would be returned to me. The Post Office also insured this item that was clearly identified as an iPad 3 on the customs declaration. The loss occurred in the U.S. I did not receive either the original item or compensation for this loss.

[ECF No. 9-1, at 18.]

Mr. Bahiakina sought $675 in damages ($625 for the lost package plus $50 for costs). On August 20, 2014, a default judgment was entered against the Postal Service in the Small Claims Action, and post-judgment interest brought the total judgment to $687.54. This sum was later increased to $714.01 in an execution on money judgment that was issued on December 15, 2014.

On January 16, 2015, nearly five months after the default judgment was entered, the United States Attorney's Office removed the Small Claims Action to this Court. [Notice of Removal, ECF No. 1.] On March 10, 2015, the Postal Service filed this motion to dismiss. [ECF No. 7.] The Postal Service makes two principal arguments in its motion. First, the Postal Service argues that the Court lacks subject matter jurisdiction because the Postal Service is entitled to sovereign immunity for "any claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." 28 U.S.C. § 2680(b). Second, the Postal Service claims that Mr. Bahiakina failed to exhaust his administrative remedies (as discussed below, Mr. Bahiakina has since produced documents that may undercut this claim). Mr. Bahiakina did not file any written opposition, but he appeared before the Court to oppose the motion.

At a hearing conducted on April 23, 2015, Mr. Bahiakina presented correspondence that he had with the Postal Service about this matter before filing the Small Claims Action. Based on these documents, the parties agree that Mr. Bahiakina went through an administrative process with the Postal Service, and that the Postal Service ultimately denied his claim. The basis for the denial is not apparent from the record before the Court. It is also not apparent from the record

whether Mr. Bahiakina fully exhausted the administrative process, including appealing the denial to the Consumer Advocate in accordance with the Postal Service's procedures, although this does not affect the analysis of subject matter jurisdiction.

## III.   Discussion

On a motion to dismiss for lack of federal subject matter jurisdiction, "the party invoking the jurisdiction of a federal court carries the burden of proving its existence." Johansen v. United States, 506 F.3d 65, 68 (1st Cir. 2007) (quoting Murphy v. United States, 45 F.3d 520, 522 (1st Cir. 1995)). If the plaintiff fails to meet this burden, the district court must grant the motion to dismiss. Johansen, 506 F.3d at 68. In ruling on a such a motion, the Court "must construe the complaint liberally, treating all well-pleaded facts as true and indulging all reasonable inferences in favor of the plaintiff." Aversa v. United States, 99 F.3d 1200, 1209-10 (1st Cir. 1996). Additionally, "[a] document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted). "However, pro se status does not insulate a party from complying with procedural and substantive law." Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997).

Mr. Bahiakina cannot meet his burden of establishing that the Court has subject matter jurisdiction over his claim. "[T]he Postal Service enjoys federal sovereign immunity absent a waiver." Dolan v. United States Postal Serv., 546 U.S. 481, 484 (2006). The Postal Reorganization Act, 39 U.S.C. § 101 et seq., provides that the Federal Tort Claims Act ("FTCA") "shall apply to tort claims arising out of activities of the Postal Service." 39 U.S.C. § 409(c). The FTCA, in turn, provides a limited waiver of sovereign immunity. See 28 U.S.C. §§ 1346(b)(1), 2674. However, sovereign immunity is expressly preserved for 13 categories of

3

claims, which are set forth in 28 U.S.C. § 2680. One such exception states: "The provisions of this chapter and section 1346(b) of this title shall not apply to . . . [a]ny claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." 28 U.S.C. § 2680(b). Thus, although the FTCA makes the United States responsible for certain torts committed by postal employees under local law, the Postal Service has sovereign immunity for claims arising out of lost packages.

Under 28 U.S.C. § 2680(b), therefore, federal courts lack subject matter jurisdiction over tort claims against the Postal Service for lost (or damaged) mail. See Snow v. United States Postal Serv., 778 F. Supp. 2d 102 (D. Me. 2011) (dismissing a claim arising out of damage to a package delivered by the Postal Service for lack of subject matter jurisdiction); Nielsen v. United States, 639 F. Supp. 2d 1020 (D. Neb. 2009) (same); McBride v. United States Postal Serv., Civ. No. 07-0446, 2007 WL 1965337 (E.D.N.Y. June 29, 2007) (dismissing a claim arising out lost packages for lack of subject matter jurisdiction). Whether the package was lost in the United States or once it had left the border, en route to another country, makes no difference to this analysis.

Given this legal landscape, the Court has no choice but to dismiss Mr. Bahiakina's claim for lack of subject matter jurisdiction. The Court is sympathetic to Mr. Bahiakina's situation. Having purchased insurance for the package, he no doubt assumed, as any reasonable Postal Service customer would, that he would be reimbursed if for some reason it did not arrive at its destination. When the package was not delivered, he apparently notified the Postal Service and went through an administrative claims and appeals process, which resulted in a denial of his claim.

The appeals process established by the Postal Service is, unfortunately, the end of the road for Mr. Bahiakina. Following an intermediate level of appeal, the Postal Service's Consumer Advocate has "final review and decision" of indemnity claims relating to international mail. See International Mail Manual §§ 931.31 ("Appealing a Claims Decision"); 931.32 ("Final Postal Service Decision of Claims").[1] Because the Postal Service has sovereign immunity for claims arising out of lost packages, the Court lacks subject matter jurisdiction and must dismiss this action. This result is unchanged regardless of whether Mr. Bahiakina exhausted his administrative remedies, and notwithstanding the default judgment that has already been entered against the Postal Service in Small Claims Court or any question regarding the timeliness of the Postal Service's removal of the Small Claims Action to this Court. See Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Likewise, because the Small Claims Court also lacked jurisdiction over the Postal Service, the default judgment is not enforceable.

## IV. Conclusion

For the above reasons, the Postal Service's motion to dismiss [ECF No. 7] is GRANTED.

**SO ORDERED.**

Dated: April 30, 2015
/s/ Allison D. Burroughs
ALLISON D. BURROUGHS
DISTRICT JUDGE

---

[1] In its brief, the Postal Service cites provisions of the Domestic Mail Manual ("DMM") in support its arguments. Because the package in question was mailed from the United States to a foreign country, the applicable manual is not the DMM, but rather the International Mail Manual ("IMM"). This distinction does not change the outcome of the Postal Service's motion, however.

The IMM "sets forth the conditions and procedures for the preparation and treatment of mail sent from the United States to other countries . . . ." IMM, § 111. The IMM is publicly available on the internet (see United States Postal Service, http://pe.usps.gov/text/Imm/welcome.htm (last visited Apr. 30, 2015)) and is incorporated by reference in 39 C.F.R. § 20.1.